IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:  Samuel S Amador<br>20810 Trenton Valley Ln<br>Katy, TX  77449<br><br>DEBTOR | § § § § § § | CHAPTER 13<br><br>CASE NO. 25-30382-H4 |

**CHAPTER 13 TRUSTEE'S MOTION TO DISMISS OR CONVERT**

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response withn 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

There will be a hearing on this motion on April 21, 2025 at 10:00 am in courtroom at the following address:   U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 401, 4TH FLOOR, HOUSTON, TX  77002-0000.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

_____   The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

__X__   Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

_____   Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11  U.S.C. § 109.

_____   The Debtors have not filed their Federal Income Tax return for the following years: .  Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11  U.S.C. § 1322 (a) (2).

__X__   The Debtors have caused unreasonable delay that is prejudicial to the Creditors .

_____   Other:

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7, whichever shall be determined in the best interest of creditors.

Dated: March 19, 2025

/s/ David G. Peake
David G. Peake
Standing Chapter 13 Trustee
9660 Hillcroft, Ste 430
Houston, TX 77096
court@peakech13trustee.com
(713) 283-5400

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties (if listed) by mailing a copy of same to the address listed below via first class mail March 19, 2025.

Electronically signed by
David G. Peake, Chapter 13 Trustee
9660 Hillcroft, Ste 430
Houston, TX 77096
court@peakech13trustee.com
(713) 283-5400

Debtor's Attorney of Record:
RESOLVE LAW GROUP
25140 KINGSLAND BLVD, STE 100
KATY, TX  77494

Debtor:
Samuel S Amador
20810 Trenton Valley Ln
Katy, TX  77449

AUGUST REI, LLC
PO BOX 496644
GARLAND, TX  75049

BANK OF AMERICA NA
800 MARKET ST.
MO1-800-06-14
ST LOUIS, MO  63101-2510

CAPITAL ONE
PO BOX 30285
SALT LAKE CITY, UT  84130-0285

CHASE
700 KANSAS LANE
MONROE, LA  71203

CREDIT COLL
PO BOX 447
NORWOOD, MA  02062

CREDIT COLLECTION SERVICES
725 CANTON ST
NORWOOD, MA  02062

FORTIVA
PO BOX 105555
ATLANTA, GA  30348

HARRIS COUNTY
SUSAN FUERTES
HARRIS COUNTY ATTY OFFICE ATTN PROP TAX DIV
PO BOX 2848
HOUSTON, TX  77252

HARRIS COUNTY DEPARTMENT OF EDUCATION
SUSAN FUERTES
HARRIS COUNTY ATTY OFFICE ATTN PROP TAX DIV
PO BOX 2848
HOUSTON, TX  77252

HARRIS COUNTY FLOOD CONTROL DISTRICT
SUSAN FUERTES
HARRIS COUNTY ATTY OFFICE ATTN PROP TAX DIV
PO BOX 2848
HOUSTON, TX  77252

HARRIS COUNTY HOSPITAL DISTRICT
SUSAN FUERTES
HARRIS COUNTY ATTY OFFICE ATTN PROP TAX DIV
PO BOX 2848
HOUSTON, TX  77252

HARRIS COUNTY PORT OF HOUSTON AUTHORITY
SUSAN FUERTES
HARRIS COUNTY ATTY OFFICE ATTN PROP TAX DIV
PO BOX 2848
HOUSTON, TX  77252

HLS OF NEVADA, LLC
NEVADA WEST FINANCIAL
7625 DEAN MARTIN DRIVE STE 101
LAS VEGAS, NV  89139

IC SYSTEMS INC
444 HIGHWAY 96 E
ST PAUL, MN  55127-2557

INTERNAL REVENUE SERVICE***
P O BOX 7317
PHILADELPHIA, PA  19101-7317

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 772813
CHICAGO, IL  60677-2813

JEFFREY C JACKSON
JEFFREY JACKSON & ASSOCIATES PLLC
11767 KATY FWY, STE 813
HOUSTON, TX  77042

MILLS ESCROW COMPANY
12365 PINE SPRINGS
EL PASO, TX  79928

NCB MANAGEMENT SERVICES
1 ALLIED DRIVE
TREVOSE, PA  19053

RESOLVE LAW GROUP
25140 KINGSLAND BLVD, STE 100
KATY, TX  77494

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
REVENUE ACCOUNTING DIVISION
PO BOX 13528
AUSTIN, TX  78711

TXU ENERGY
PO BOX 650764
DALLAS, TX  75265

MICHELLE TEA
27410 PARKER SPRING CT
KATY, TX  77494

NATIONAL CREDIT SYSTEMS
PO BOX 672288
MARIETTA, GA  30006

OUTSOURCE RECEIVABLES MANAGEMENT
1349 WASHINGTON BLVD
OGDEN, UT  84404-5744

SAVINGS ACCOUNT
, TX

TXCSDU
PO BOX 659791
SAN ANTONIO, TX  78265-9791

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30382-H4 |
| | § | |
| Samuel S Amador | § | |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

    (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d) Fourth, the balance in any other Reserve account to the Debtor;

    (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

    (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

_____
CHRISTOPHER M LOPEZ
United States Bankruptcy Judge